UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **PAMELA LOPES,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-1604 (RMC) |
| **OCWEN LOAN SERVICING, LLC & WILMINGTON TRUST COMPANY,** | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Pamela Lopes, proceeding *pro se*, filed a Complaint on September 19, 2014, against Ocwen Loan Servicing LLC and Wilmington Trust Company.  While the Complaint purports to assert a quiet title action, in fact Ms. Lopes seeks to bar pending foreclosure proceedings regarding her real property located at 1914 C Street, N.E., Washington, D.C. 20002.  *See* Compl. [Dkt. 1] at 2, 5 ("The Trust is not entitled to enforce Plaintiff's note"); *id*. at 12 ("A null security agreement is unenforceable for foreclosure . . . ."); *id*. at 13-14 (Plaintiff seeks a judgment "ordering the District of Columbia Office of the City Register to convey the property [located at 1914 C Street NE] to Plaintiff" and "barring and forever estopping Defendants, and each of them, from claiming any estate, right, title or interest in said property.")  Wilmington Trust Company filed a foreclosure action against Plaintiff's property in the Superior Court of the District of Columbia on August 14, 2014.  *See Wilmington Trust Company v. Lopes*, 2014 CA 005207 R(RP) (D.C. Superior Ct.) (filed Aug. 14, 2014).  Because this Court lacks subject matter jurisdiction, the case will be dismissed.

Even though *pro se* complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), this Court must have jurisdiction in order to adjudicate the claim. A complaint can be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See, e.g.*, *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011). When determining whether a case should be dismissed for lack of jurisdiction, a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement. *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

This Court declines to interfere or otherwise involve itself in matters before the Superior Court. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *see also District Properties Associates v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[B]ased on principles of equity . . . the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial

2

proceedings."). Further, this Court is not a reviewing court and lacks jurisdiction to compel another court to act. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *see also Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (under the *Rooker-Feldman* doctrine, federal district courts lack authority to collaterally review state court judgments) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983)). In addition, this Court has no authority to issue a writ of mandamus to compel the Superior Court to perform a judicial act or to compel the D.C. Office of the City Register to convey property, as Plaintiff requests. The Court's mandamus authority extends only to "officer[s] or employee[s] of the United States or any agency thereof . . . ." 28 U.S.C. § 1361.

Accordingly, this case will be dismissed for lack of subject matter jurisdiction, and the pending motion to dismiss will be denied as moot. A memorializing Order accompanies this Memorandum Opinion.

Date:  February 5, 2015                                        /s/
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge